**In re Ovidio PENA, a/k/a Ovidio A. Pena, and Adalys Pena, Debtors.**

**Bankruptcy Nos. 84–00735–BKC–TCB, 84–01472–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida,

Jan. 18, 1985.

Roberto F. Fleitas, Fleitas & Bujan, Miami, Fla., for debtors.

Steven H. Friedman, Miami, Fla., for trustee.

William R. Roemelmeyer, Miami Shores, Fla., trustee.

Internal Revenue Service, Patricia Visson, Jacksonville, Fla.

## ORDER DENYING APPLICATION WITH RESPECT TO CLAIM FOR I.R.S.

THOMAS C. BRITTON, Bankruptcy Judge.

The motion filed January 4 by these chapter 7 debtors (C.P. No. 35) requesting either (a) that the time for the I.R.S. to file a claim in this case be extended or, (b) that the debtors be allowed to file a claim for the I.R.S. was heard on January 17.

■ The debtors' acknowledged purpose is to make certain that the assets in this case, presently about $27,000, be applied toward the debtors' non-dischargeable debt owed to the I.R.S. rather than to the payment of any other creditors. The only notice given by the debtors of this motion, however, was to the trustee and to an employee of the I.R.S. The motion cannot be granted without notice to the general creditors, the only parties who would be adversely affected.

■ The motion must be denied for another reason. There is no present deadline for the I.R.S. to file a claim against this estate. Although the debtors' Schedule A–1 recites that $48,000 is owed for 1982—1983 U.S. taxes, the I.R.S. is not listed as a creditor and no notice of this bankruptcy case, filed on April 20, 1984, has ever been given to the District Director for this District in accordance with B.R. 2002(j). The claims' bar date for all scheduled creditors in this case was August 19, 1984, therefore, the I.R.S. claim, if any it has, cannot be affected by this case. There is, therefore,

no basis to extend the time for the I.R.S. to file a claim.

Similarly, there is no basis to permit the debtors to file a claim for the I.R.S. Section 501(c) and B.R. 3004 permit the debtor to file a proof of claim for a creditor who "does not timely file a proof of such creditor's claim". That provision is not applicable with respect to an unscheduled creditor whose claim is not subject to any bar date.